UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: Ayanna JENKINS-TONEY,

        Appellant.

Case No. 26-cv-02859-JST

**ORDER DENYING EX PARTE MOTION**

Re: ECF Nos. 6, 8

Before the Court is Appellant's "Emergency Ex Parte Motion Requesting an Automatic Stay of the Bankruptcy Proceedings in Related Cases 4:26-cv-0720 and 5:26-cv-2859." Appellant represents to the Court that her home is being sold in a foreclosure sale tomorrow, May 21, 2026 at 9:30 a.m., but that she has identified a party who would purchase her home if given more time. Appellant requests that this Court reissue the bankruptcy automatic stay "until the conclusion of the Appeal or at the very least for 45-60 days without the issuance of a bond." ECF No. 6 at 10. The Court will deny the request, for several reasons.

First, Appellant's motion does not establish whether or how this Court has jurisdiction to issue the requested relief. While bankruptcy is an *in rem* proceeding, *In re Blixseth*, 112 F.4th 837, 846 (9th Cir. 2024), Appellant's motion does not clearly articulate whether her motion arises from the order of the bankruptcy court, which is subject to appeal; a dispute with her creditor, which is governed by state law; or something else. The burden of establishing subject matter jurisdiction is on the party seeking to invoke the federal court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Appellant fails to meet this burden.

Second, Appellant requests *ex parte* relief, but has not shown that proceeding without notice to the opposing party is justified. The Court may issue a temporary restraining order without notice to the opposing party only if "specific facts in an affidavit or a verified complaint

clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice *and the reasons why it should not be required*." Fed. R. Civ. P. 65(b)(1) (emphasis added). Appellant has not provided any reason why notice to the creditor should not be required, despite knowing of her need to seek relief from foreclosure since at least April 29, 2026. *See* ECF No. 6-3 at 11. Nor has she described any attempts to give notice.

On the merits, construing Appellant's pro se motion liberally as one for a bankruptcy stay pending appeal, such relief would be inappropriate. "Ordinarily, a party must move first in the bankruptcy court for . . . a stay of a judgment order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A); *see also* Local Civ. R. 16-4 (adopting Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules of this district in bankruptcy appeals). To request relief in the district court, the "motion specified in subdivision (a)(1) [of section 8007] . . . may be made in the court where the appeal is pending." Fed. R. Bankr. P. 8007(b)(1). The motion must show, however, that "moving in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2)(A). The motion must also include "(A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." Fed. R. Bankr. P. 8007(3)(A)–(C). Appellant has not stated that she sought a stay from the bankruptcy court, nor shown why it would be impracticable to seek such relief. Even if the Court were inclined to reach the merits—which it is not—Appellant has not actually shown that she has a buyer for her property. The unsigned declaration from her putative buyer appears to be a form letter which does not recite the details of any proposed transaction and therefore is not a legitimate offer. *See, e.g.*, ECF No. 6-3 at 10 ("I

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

delivered a complete offer that included: [insert what was included.] . . . On May ? [sic] I visited home of the Appellant") (brackets in original).

For all these reasons, Appellant's emergency motion is denied.

**IT IS SO ORDERED.**

Dated:  May 20, 2026



_____
JON S. TIGAR
United States District Judge